UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MIGUEL A. PEREZ,
OMAYRA MONTES,
and other similarly-situated individuals,

      Plaintiffs,

v.

U.S. LEADER RESTAURANTS, INC.,
d/b/a TACO BELL
and TONY CAPLEY, individually

      Defendants.

_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

      COME NOW the Plaintiffs MIGUEL A. PEREZ, OMAYRA MONTES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants U.S. LEADER RESTAURANTS, INC., d/b/a TACO BELL and TONY CAPLEY individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs MIGUEL A. PEREZ and OMAYRA MONTES are residents of Osceola County, Florida.  Plaintiffs are covered employees for purposes of the Act. Plaintiffs performed their work within the jurisdiction of this Court.

3.  Defendant U.S. LEADER RESTAURANTS, INC., d/b/a TACO BELL (hereinafter TACO BELL, or Defendant) is a Florida corporation, having corporate offices at 9500 S Dadeland Blvd., Miami-Dade County, and performing business in the area of Orange, Osceola, and other Counties, within the jurisdiction of this Court. At all times material, Defendant was and is engaged in interstate commerce.

4.  Individual Defendant TONY CAPLEY was and is now, the owner/partner and/or manager of Defendant Corporation U.S. LEADER RESTAURANTS, INC., d/b/a TACO BELL. Defendant TONY CAPLEY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

<u>GENERAL ALLEGATIONS</u>

5.  Defendant U.S. LEADER RESTAURANTS, INC., is a multi-brand restaurant operator who owns a chain of TACO BELL restaurants.

6.   Plaintiffs MIGUEL A. PEREZ and OMAYRA MONTES worked for U.S. LEADER RESTAURANTS, INC. in the maintenance of TACO BELL restaurants located mostly in Central Florida.

7.  <u>A.- Allegations pertaining to Plaintiff MIGUEL A. PEREZ</u>

Defendant TACO BELL and TONY CAPLEY employed Plaintiff MIGUEL A. PEREZ, from approximately May 28, 2014 to January 11, 2019, or 4 years and 7 months. However, for FLSA's purposes, Plaintiff relevant time of employment is 137 weeks.

8.  Plaintiff was hired by TONY CAPLEY as a non-exempted, full-time maintenance employee. Plaintiff was hired at TACO BELL restaurant located at 2403 Hiawassee Rd, Orlando, Florida

9.  Plaintiff was a salaried employee and from May 24, 2016 to March 14, 2017, or 42 weeks, Plaintiff was paid $1,480.77 weekly.

10. From March 15, 2017 to January 11, 2019, or 95 weeks, Plaintiff was paid $1,557.69 weekly.

11. In addition, Plaintiff received production bonus. In 2016 Plaintiff received $4,500; in 2017 Plaintiff received $9,380.33, and in 2018, Plaintiff received 17,000.00 as production bonus.

12. During the relevant time of employment, Plaintiff was misclassified as a Maintenance Supervisor. Moreover, sometimes he was referred even as a Regional manager, the fact is that Plaintiff was a refrigeration and A/C technician with handyman skills.

13. Plaintiff had multiple duties and he performed all kind of non-exempted work, such as air conditioning equipment installation and repairs, maintenance and repair of kitchen and restaurant equipment, electrical installations and repairs, plumbing, construction and carpentry work, painting, flooring etc.

14. Plaintiff and a few handymen worked in the maintenance of at least 20 TACO BELL restaurants. Plaintiff worked under the direct supervision of manager TONY CAPLEY.

15. In addition to his maintenance duties, Plaintiff also had some clerical duties such as attending numerous telephone calls from TACO BELL staff requesting maintenance, repairs, attending emergency calls, tracking equipment and supplies orders, shopping for necessary hardware and supplies at local stores, reporting hours worked by the handymen etc. etc.

16. Plaintiff's main duty was 100% manual, non-exempted work. Plaintiff was a handyman with additional responsibilities as a lead-maintenance worker. Plaintiff did not hire, did not fire, and he did not determine term and working conditions of any employee.  Plaintiff did

not exercise any discretion, or independent judgements and he just followed instructions from manager TONY CAPLEY.

17. Plaintiff had a heavy workload and in order to complete his work assignments, he worked regularly from Monday to Saturday from 6:00 AM to 9:00 PM (15 hours daily), when Plaintiff had to attend emergency repair calls, he worked even more late hours.  On Sundays Plaintiff was on call, and he worked a minimum of 4 hours attending emergency calls. Plaintiff was unable to take bona-fide lunch periods.  Thus, every week Plaintiff worked a minimum of 94 hours.

18. Plaintiff worked in excess of 94 hours weekly, but he was not paid for overtime hours.

19. Plaintiff did not clock in and out, but Defendants were in complete control of hours worked by Plaintiff and other similarly situated individuals.

20. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. To perform his work, Plaintiff used his own vehicle, and he used his home as an office and workshop. TACO BELL provided office equipment and Plaintiff used living space at his home as storage for equipment and materials, and as a workshop, where he performed welding work, and other tasks related to all kind of repairs.

22. Plaintiff complained many times to TONY CAPLEY about his excessive workload and explained to him that he was unable to accomplish the work to be done, Plaintiff requested TONY CAPLEY to hire another employee, but TONY CAPLEY refused to do so.

23. Plaintiff's wife, Mrs. Omayra Montes, began to work on regular basis for TACO BELL.

24. TONY CAPLEY knew that it was impossible for Plaintiff to do office work and that Plaintiff's wife, Omayra Montes, was working with Plaintiff performing clerical work, purchasing and delivering supplies and materials to the different TACO BELL restaurants when necessary. Nevertheless, TACO BELL never paid Plaintiff's wife a single hour of work.

25. Plaintiff complained many times to TONY CAPLEY about his excessive workload, the uncompensated working hours of his wife, Mrs. Omayra Montes, but conditions never improved or changed for Plaintiff.

26. On or about January 11, 2019, Plaintiff voluntarily resigned from his position, because he got sick due to his overwhelming workload, excessive responsibilities and related stress. Plaintiff received his last check for $1,990.36.  However, Plaintiff was unable to cash the check because Defendants had put a hold on it. This action caused Plaintiff bank expenses and undue stress and financial problems

27. Plaintiff MIGUEL A. PEREZ seeks to recover unpaid overtime hours, accumulated during all their time of employment, liquidated damages, the restitution of the bad check for $1,990.36, and any other relief as allowable by law.

28. B.- Allegations pertaining to Omayra Montes

Plaintiff Omayra Montes is the wife of Plaintiff MIGUEL A. PEREZ. Plaintiff OMAYRA MONTES worked for TACO BELL and TONY CAPLEY from approximately May 24, 2016 to January 11, 2019, or 137 weeks.

29. Plaintiff worked as a non-exempted clerk and she performed general office work for the maintenance department of TACO BELL.  Plaintiff's duties consisted of answering telephone calls, tracking orders for supplies, reporting hours worked for handymen, she

also picked up and delivered parts and materials to the different worksites of TACO BELL restaurants.

30. During her time of employment Plaintiff worked regularly 5 days per week, from Monday to Friday from 9:00 AM to 3:00 PM (6 hours daily), for a total minimum of 30 hours weekly.

31. Plaintiffs worked for TACO BELL a minimum of 30 hours weekly. However, Defendant TACO BELL did not pay her one single hour of work at any rate, not even at the minimum wage rate as established by the Fair Labor Standards Act.

32. Plaintiffs did not clock-in and out, but Defendants knew about the hours worked by Plaintiff.

33. Defendant TACO BELL willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

34. Plaintiff stopped working for Defendants on or about January 11, 2019.

35. Plaintiff OMAYRA MONTES seeks to recover unpaid minimum wages accumulated during all her time of employment, liquidated damages and any other relief as allowable by law.

36. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS;**
**AS TO PLAINTIFF MIGUEL A. PEREZ**

37. Plaintiff MIGUEL A. PEREZ re-adopts every pertinent and factual allegation, regarding to him, as stated in paragraphs 1-27 and 36 above as if set out in full herein.

38. This action is brought by Plaintiff MIGUEL A. PEREZ and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. The employer TACO BELL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a retail company operating many restaurants across state lines. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

40. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by repairing facilities providing services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were moved across state lines at any time in the course of business. Therefore, there is individual coverage.

41. Defendant TACO BELL and TONY CAPLEY employed Plaintiff MIGUEL A. PEREZ, from approximately May 28, 2014 to January 11, 2019, or 4 years and 7 months. However, for FLSA's purposes, Plaintiff relevant time of employment is 137 weeks.

42. Plaintiff was a salaried employee. From May 24, 2016 to March 14, 2017, or 42 weeks, Plaintiff was paid $1,480.77 weekly.

43. From March 15, 2017 to January 11, 2019, or 95 weeks, Plaintiff was paid $1,557.69 weekly.

44. In addition, Plaintiff received production bonus. In 2016 Plaintiff received $4,500; in 2017 Plaintiff received $9,380.33, and in 2018, Plaintiff received 17,000.00 as production bonus.

45. During the relevant time of employment, Plaintiff was misclassified as a Maintenance Supervisor. Moreover, sometimes he was referred even as a Regional Manager, the fact is that Plaintiff was a refrigeration and A/C technician with handyman skills.

46. Plaintiff was a lead maintenance worker with additional clerical responsibilities. Plaintiff worked under the direct supervision of manager TONY CAPLEY.

47. Plaintiff's main duty was 100% manual, non-exempted work. Plaintiff did not hire, did not fire, and he did not determine term and working conditions of any employee. Plaintiff did not exercise any discretion, or independent judgements and he just followed instructions

from TONY CAPLEY. Plaintiff did not meet the FLSA requirement for any overtime exemption and he was supposed to be paid for overtime hours.

48. Plaintiff had a heavy workload and in order to complete his work assignments, he worked regularly from Monday to Saturday from 6:00 AM to 9:00 PM (15 hours daily), and on Sundays Plaintiff was on call. Plaintiff worked a minimum of 4 hours attending emergency calls.  Plaintiff was unable to take bona-fide lunch periods.  Thus, every week Plaintiff worked a minimum of 94 hours.

49. Plaintiff worked in excess of 94 hours weekly, but he was not paid for overtime hours.

50. Plaintiff did not clock in and out, but Defendants were in complete control of hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

52. Plaintiff was paid bi-weekly with checks and paystubs that did not show the number of days and hours worked.

53. Plaintiff MIGUEL A. PEREZ resigned from his position on or about January 11, 2019.

54. The records, if any, concerning the number of hours worked by Plaintiff MIGUEL A. PEREZ, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

55. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

56. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of

the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

    a.   <u>Total amount of alleged unpaid wages</u>:

         Sixty-Eight Thousand Six Hundred Forty-Two Dollars and 10/100 ($68,642.10)

    b.   <u>Calculation of such wages</u>:

         Total Period of Employment:  137 weeks
         Total number of hours worked weekly:  94 hrs.
         Overtime hours:  54 O/T hours weekly
         Unpaid overtime hours: 54 hours

**1.- O/T calculations from May 24, 2016 to March 14, 2017, or 42 weeks**
         Relevant weeks of employment:  42 weeks
         Total number of hours worked weekly: 94 hours
         Overtime hours: 54 O/T hours
         Unpaid O/T hours: 54 O/T hours
         Paid: Salary $1,480.77 weekly + $86.54 production bonus=$1,567.31 weekly
         (Production bonus 2016=$4,500.00, pro-rated: 52 weeks= $86.54)
         Total salary $1,567.31: 94 working hours=$16.67 an hour
         Regular rate: $16.67:2= $8.34 half-time
         Half-time overtime rate: $8.34

         $8.34 x 54 O/T hours=$450.36 weekly x 42 weeks= $18,915.12

**2.- O/T calculations from March 15, 2017 to December 30, 2017 or 41 weeks**
         Relevant weeks of employment:  41 weeks
         Total number of hours worked weekly: 94 hours
         Overtime hours: 54 O/T hours
         Unpaid O/T hours: 54 O/T hours
         Paid: Salary $1,557.69 weekly + $180.39 production bonus=$1,738.08 weekly
         (Production bonus 2017=$9,380.33, pro-rated: 52 weeks= $180.39)
         Total salary $1,738.08: 94 working hours=$18.49 an hour
         Regular rate: $18.49:2= $9.25 half-time
         Half-time overtime rate: $9.25 an hour

         $9.25 x 54 O/T hours=$499.50 weekly x 41 weeks= $20,479.50

**3.- O/T calculations from January 1, 2018 to January 11, 2019 or 54 weeks**
         Relevant weeks of employment:  54 weeks
         Total number of hours worked weekly: 94 hours

Overtime hours: 54 O/T hours
Unpaid O/T hours: 54 O/T hours
Paid: Salary $1,557.69 weekly + $326.92 production bonus=$1,884.61 weekly
(Production bonus 2018=$17,000.00, pro-rated: 52 weeks= $326.92)
Total salary $1,884.61: 94 working hours=$20.05 an hour
Regular rate: $20.05:2= $10.03 half-time
Half-time overtime rate: $10.03 an hour

$10.03 x 54 O/T hours=$541.62 weekly x 54 weeks= $29,247.48

Total 1, 2 and 3= $68,642.10

   c.  <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid half-time overtime compensation.

57. At all times, the Employers/Defendants TACO BELL and TONY CAPLEY failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

58. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

59. Defendant TACO BELL knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment

with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

60. At the time mentioned, individual Defendant TONY CAPLEY was and is now, the owner/partner/manager of TACO BELL. Defendant TONY CAPLEY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of TACO BELL in relation to its employees, including Plaintiff and others similarly situated.  Defendant TONY CAPLEY had financial and operational control of the business, he determined terms and working conditions of Plaintiff and all other similarly situated employees and he is jointly liable for Plaintiff's damages.

61. Defendants TACO BELL and TONY CAPLEY willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant TACO BELL as set forth above.

62. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MIGUEL A. PEREZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MIGUEL A. PEREZ and other similarly situated individuals, and against the Defendants TACO BELL and TONY CAPLEY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MIGUEL A. PEREZ and those similarly situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE**

63. Plaintiff OMAYRA MONTES re-adopts every factual allegation as stated in paragraphs 1-4, and 28-36 of this complaint as if set out in full herein.

64. This action is brought by Plaintiff OMAYRA MONTES and those similarly-situated to recover from the Employer TACO BELL unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

65. The employer TACO BELL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a retail company operating many restaurants across state lines. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant

obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

66. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff as a clerk, regularly and recurrently participated in interstate commerce, by using the channels of interstate commerce, by participating in the maintenance of facilities providing services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were moved across state lines at any time in the course of business. Therefore, there is individual coverage.

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

 (C) $7.25 an hour, beginning 24 months after that 60th day

69. TACO BELL and TONY CAPLEY employed Plaintiff OMAYRA MONTES as a maintenance clerk from approximately May 24, 2016 to January 11, 2019, or 137 weeks.

70. Plaintiff worked as a non-exempted clerk and she performed general office work for the maintenance department of TACO BELL.  Plaintiff's duties consisted of answering telephone calls, tracking orders for supplies, reporting hours worked for handymen, she also picked up and delivered parts and materials to the different worksites of TACO BELL restaurants.

71. During her time of employment Plaintiff worked regularly 5 days per week, from Monday to Friday from 9:00 AM to 3:00 PM (6 hours daily), for a total minimum of 30 hours weekly.

72. Plaintiffs worked for TACO BELL a minimum of 30 hours weekly. However, Defendant TACO BELL did not pay her one single hour of work at any rate, not even at the minimum wage rate as established by the Fair Labor Standards Act.

73. Defendant did not used a time-keeping method, and Plaintiffs did not clock-in and out, but Defendants knew about the hours worked by Plaintiff.

74. Therefore, Defendant failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

75. Defendant TACO BELL willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

76. Plaintiff stopped working for Defendants on or about January 11, 2019.

77. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief,

Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

78. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

79. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

   a.   <u>Total amount of alleged unpaid wages</u>:

   Thirty-Three Thousand Five Hundred Dollars and 10/100 ($33,500.10)

   b.   <u>Calculation of such wages</u>:

   Total relevant weeks of employment: 137 weeks
   Total number of unpaid hours: 30 hours weekly

**1.- Minimum Wages 2016 at Florida Minimum wage rate @ $8.05= 31 weeks**
   Relevant weeks: 31 weeks
   Total number of hours worked: 30 hours weekly
   Total number of unpaid hours: 30 hours weekly
   FL minimum wage 2016:  $8.05

   Fl min. wage $8.05 x 30 hours= $241.50 weekly x 31 weeks= $7,486.50

**2.- Minimum Wages 2017 at Florida Minimum wage rate @ $8.10= 52 weeks**
   Relevant weeks: 52 weeks
   Total number of hours worked: 30 hours weekly
   Total number of unpaid hours: 30 hours weekly
   FL minimum wage 2017:  $8.10

   Fl min. wage $8.10 x 30 hours= $243.00 weekly x 52 weeks= $12,636.00

**3.- Minimum Wages 2018 at Florida Minimum wage rate @ $8.25= 52 weeks**
   Relevant weeks: 52 weeks
   Total number of hours worked: 30 hours weekly
   Total number of unpaid hours: 30 hours weekly

FL minimum wage 2018:  $8.25

Fl min. wage $8.25 x 30 hours= $247.50 weekly x 52 weeks= $12,870.00

**4.- Minimum Wages 2019 at Florida Minimum wage rate @ $8.46= 2 weeks**
Relevant weeks: 2 weeks
Total number of hours worked: 30 hours weekly
Total number of unpaid hours: 30 hours weekly
FL minimum wage 2019:  $8.46

Fl min. wage $8.46 x 30 hours= $253.80 weekly x 2 weeks= $507.60

Total 1, 2, 3, and 4: $33,500.10

c.   <u>Nature of wages:</u>

This amount represents unpaid minimum wages at Florida Min. wage rates

80. Defendant TACO BELL and TONY CAPLEY unlawfully failed to pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations accumulated from the beginning to her last day of employment with Defendants.

81. Defendant TACO BELL knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

82. At the time mentioned, individual Defendant TONY CAPLEY was and is now, the owner/partner/manager of TACO BELL. Defendant TONY CAPLEY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of TACO BELL in relation to its employees, including Plaintiff and others

similarly situated.  Defendant TONY CAPLEY had financial and operational control of the business, he determined terms and working conditions of Plaintiff and all other similarly situated employees and he is jointly liable for Plaintiff's damages.

83. Defendant TACO BELL willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant.

84. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OMAYRA MONTES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff OMAYRA MONTES and against the Defendant TACO BELL based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff OMAYRA MONTES and those similarly situated demand trial by jury of all issues triable as of right by jury.

DATED: June 21, 2019

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*